UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| DEBORAH CHAVEZ § <br> and § <br> ANTHONY KABURU § <br> § <br> v. § <br> § <br> EAGLE VAN LINES, INC. § | CIVIL ACTION NO. _____ <br><br> JURY DEMANDED |

**COMPLAINT FOR A CIVIL CASE ALLEGING NEGLIGENCE**
**(28 U.S.C. § 1332; Diversity of Citizenship)**

**PARTIES / SERVICE OF PROCESS**

1.    Plaintiffs DEBORAH CHAVEZ and ANTHONY KABURU are United States citizens. Ms. Chavez is a citizen of Texas, who resides in El Paso County.  Mr. Kaburu is a citizen of Texas, who resides in Tarrant County.

2.    Defendant Eagle Van Lines, Inc. is incorporated in Maryland, and has its principal place of business in Prince George's County, Maryland.

3.    Defendant is a "motor carrier," licensed and regulated by the Federal Motor Carrier Safety Administration ("FMCSA"), which operates in the United States under DOT # 688368.

4.    Defendant may be served by its registered agent for service of process:

   Ionnis ("John") Georgakopoulos
   5041 Beech Place
   Temple Hills, Maryland 20748

**JURISDICTION**

5.    This Court has personal jurisdiction over the defendant because, at all times relevant to this case, the defendant was doing business in Texas since its employee, Larry Dean Cardona, committed a tort while driving defendant's tractor / trailer in Texas in the course and scope of his

employment for defendant. This Court has diversity jurisdiction over plaintiffs' claims because the action is between citizens of a state (Texas) and a citizen of another state (Maryland), and the amount in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000. 28 U.S.C. §1332 (a)(1).

## VENUE

6.     Venue is proper in the Southern District of Texas because the collision made the subject of this case happened in Live Oak County, Texas, which is within the Corpus Christi Division of the Southern District of Texas. 28 U.S.C. §1391 (a)(2). In addition, defendant is a corporation that is deemed to reside in the Southern District of Texas because it is subject to personal jurisdiction in the Southern District of Texas. 28 U.S.C. §1391 (d).

## FACTUAL ALLEGATIONS

7.     On December 6, 2021, Deborah Chavez was driving a Chevy Tahoe north on U.S. 281 in Live Oak County, Texas. Her passenger was Anthony Kaburu. Plaintiffs were on-duty with the U.S. Army Reserve. They were en route to their duty station in San Antonio, and were traveling in a vehicle provided to them by the U.S. Government.

8.     Plaintiffs were in the left lane, and were about to pass a Loves Truck Stop to their right, which is located at the intersection of U.S. 281 and I.H. 37, to the north of Three Rivers, Texas.

9.     Larry Dean Cardona, in the course and scope of his employment for Eagle Van Lines, Inc., was driving his employer's Freightliner tractor, pulling a trailer. Mr. Cardona was southbound on U.S. 281. Mr. Cardona intended to enter the Loves Truck Stop, and pulled into the left turn lane on U.S. 281.

10. To enter the truck stop, Mr. Cardona unsafely turned left, and unsafely attempted to cross the northbound lanes of U.S. 281, blocking both northbound lanes with his trailer in the process. He failed to yield the right of way to plaintiffs, who were approaching from the opposite direction at highway speed. Plaintiffs were not able to avoid colliding with Mr. Cardona's tractor / trailer, and were seriously injured in the ensuing collision.

## ORDINARY NEGLIGENCE OF Mr. CARDONA

11. The collision described above, and the resulting injuries and damages suffered by plaintiffs, were actually and proximately caused by Mr. Cardona's negligence in one or more of the following acts or omissions:

   A. turning left unsafely;

   B. failing to yield the right of way to plaintiffs;

   C. failing to maintain a proper lookout;

   D. driving while distracted or inattentive;

   E. failing to control his speed;

   F. failing to timely and properly apply his brakes prior to the collision;

   G. failing to take proper evasive action to avoid the collision;

   H. failing to maintain control of his vehicle.

## NEGLIGENCE *PER SE* OF Mr. CARDONA

12. Mr. Cardona's unsafe driving violated the following provisions of the Texas Transportation Code, which constitutes negligence *per se*:

   A. Turning his vehicle to enter a private driveway when the movement could not be made safely, in violation of § 545.103 of the Texas Transportation Code;

  B. Turning his vehicle left into a private driveway, failing to yield the right of way to another vehicle approaching from the opposite direction, in violation of § 545.152 of the Texas Transportation Code;

  C. Driving his vehicle in willful and wanton disregard for the safety of persons and property, in violation of § 545.401 (a) of the Texas Transportation Code.

13. Plaintiffs are in the class of persons the Texas Transportation Code was designed to protect, and their injuries are of the type the statute was designed to prevent. The statute is one for which tort liability may be imposed when violated. Mr. Cardona violated the statute without excuse. His acts and omissions proximately caused plaintiffs' injuries.

## RESPONDEAT SUPERIOR OF EAGLE VAN LINES, INC.

14. Eagle Van Lines, Inc., owned, leased, or controlled the vehicle that Mr. Cardona was driving at the time of the collision. Mr. Cardona was Eagle Van Lines, Inc.'s employee at that time, and was driving its vehicle in the course and scope of his employment. Eagle Van Lines, Inc. is liable to plaintiffs for Mr. Cardona's negligence under respondeat superior.

## DAMAGES

15. As a direct and proximate result of defendant's acts and omissions, plaintiffs suffered serious personal injury. Plaintiffs' damages include,

  A. past, present, and future medical bills;

  B. past, present, and future physical pain and mental anguish;

  C. past, present, and future physical impairment;

  D. past, present, and future disfigurement;

  E. lost earnings and/or lost earnings capacity.

16.	Plaintiffs demand judgment against defendant for more than $1 million, plus costs.

## PREJUDGEMENT INTEREST

17.	Plaintiffs seek pre-judgment interest on past damages.

## JURY DEMAND

18.	Plaintiffs demand a jury.

## P R A Y E R

Plaintiffs prays that, on final trial, plaintiffs have:

1.	Judgment against defendant for actual damages;

2.	Pre-judgment interest;

3.	Post-judgment interest;

4.	Costs of suit;

5.	All such other relief, at law or at equity, to which plaintiffs may show themselves to be entitled.


S/Edward L. Ciccone
_____
Edward L. Ciccone
Attorney In Charge For Plaintiffs
Tx.SBN 04250550 / S.D.Tx.ID 82519
Ezequiel Reyna, Jr.
Tx.SBN 16794798 / S.D.Tx.ID 58290
LAW OFFICE OF EZEQUIEL REYNA, JR. L.L.P.
702 W. Expressway 83 / Weslaco, Texas 78596
Phone:  (956)968-9556 / Fax:  (956) 969-0492
elciccone@mail.com / edwardlciccone@aol.com