

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| DEBORAH CHAVEZ, *et al.*, § § | |
| Plaintiffs, § | |
| V. § | CIVIL ACTION NO. 2:22-CV-00004 |
| § § | |
| EAGLE VAN LINES, INC., § § | |
| Defendant. § | |

## ORDER

Plaintiffs Deborah Chavez and Anthony Kaburu and Defendant Eagle Van Lines, Inc. filed, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), a joint stipulation of dismissal with prejudice of Plaintiffs' claims against Defendant. (D.E. 47). Rule 41(a)(1)(A)(ii) permits voluntary dismissal when "*all* parties who have appeared" in the case sign a stipulation of dismissal. FED. R. CIV. P. 41(a)(1)(A)(ii) (emphasis added) *see also Williams v. Seidenbach*, 958 F.3d 341, 345 (5th Cir. 2020) (allowing parties to use Rule 41(a) to dismiss individual defendants, without dismissing the entire action). The instant stipulation is signed by Plaintiffs' and Defendant's counsel; however, it is not signed by Intervenor Junnie Kengni or her counsel. *See* (D.E. 47, p. 2). As such, Plaintiffs' claims cannot be dismissed pursuant to Rule 41(a)(1)(A)(ii). The Court turns its attention, however, to Rule 41(a)(2).

Under Rule 41(a)(2), a plaintiff may move for voluntary dismissal by court order, on terms that the court finds proper. FED. R. CIV. P. 41(a)(2); *see also Williams*, 958 F.3d at 345 (allowing parties to use Rule 41(a) to dismiss individual defendants, without dismissing the entire action). "[M]otions for voluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice[.]" *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002). The Court finds that Intervenor, the non-movant in this matter, will not be harmed by

dismissing Plaintiffs' claims against Defendant. Intervenor's claims against Defendant will proceed, and this dismissal will have no effect on any settings, deadlines, or pending motions related to Intervenor's case. *See Harris v. Amoco Prod. Co.*, 768 F.2d 669, 675–76 (5th Cir. 1985) (noting that a district court has the discretion to treat an intervenor's complaint as an action separate from that of the main plaintiff); *Arkoma Assocs. v. Carden*, 904 F.2d 5, 7 (5th Cir. 1990) ("When a separate and independent jurisdictional basis exists a federal court has the discretion to treat an intervention as a separate action, and may adjudicate it despite dismissal of the main demand if failure to do so might result in unnecessary delay or other prejudice." (citing *Harris*, 768 F.2d at 675–76) (additional citations omitted)). As such, the Court **GRANTS** the joint stipulation of dismissal, construing it as a motion to dismiss Plaintiffs' claims against Defendant with prejudice pursuant to Rule 41(a)(2). (D.E. 47). The Clerk of Court is **DIRECTED** to **TERMINATE** Plaintiff Deborah Chavez and Plaintiff Anthony Kaburu as parties in this case. As between Plaintiff Deborah Chavez and Plaintiff Anthony Kaburu and Defendant Eagle Van Lines, Inc., court costs and attorney fees shall be taxed against the party by whom they were incurred. *See* (D.E. 47, p. 1).

SO ORDERED.

_____
DAVID S. MORALES
UNITED STATES DISTRICT JUDGE

Dated: Corpus Christi, Texas
June 5th, 2023